IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| RYAN D. GABRIEL,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE MARK OLSEN,<br><br>Defendant. | CV 23-142-M-DLC-KLD<br><br><br>FINDINGS AND<br>RECOMMENDATION |

This matter comes before the Court on Plaintiff Ryan D. Gabriel's Motion

for a Preliminary Injunction. (Doc. 25). For the reasons stated below, Gabriel's

motion should be denied and this matter should be dismissed based on the

abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

I.      **Background**

On November 17, 2023, Gabriel, who is proceeding pro se, paid the civil

filing fee and filed this 42 U.S.C. § 1983 action against Defendant Jesse Mark

Olsen. (Doc. 1). In March 2022, Defendant Jesse Mark Olson apparently filed a

civil action against Gabriel in the Circuit Court for Multnomah County, Oregon for

dissolution of a domestic partnership. (Doc. 1 at 1, Doc 25 at 1). According to

Gabriel, that domestic partnership lawsuit is still pending and is scheduled to go to

trial this Friday, January 26, 2024. (Doc. 25 at 2).

Gabriel's Complaint and Claim/Prayer for Declaratory and Injunctive Relief challenges the constitutionality of Oregon's domestic partnership statutes and alleges constitutional violations arising from the domestic partnership dissolution proceedings pending in Oregon state court. (Doc. 1). The Complaint identifies two causes of action: (1) Olsen's "abuse of unregistered domestic partnership caselaw in Oregon violates [Gabriel's] rights of liberty, dignity, privacy, and personal autonomy guaranteed by the Fourteenth Amendment's Due Process Clause"; and (2) any finding by an Oregon court that the parties are in a domestic partnership would potentially implicate [Gabriel] in mortgage fraud along with [Olsen]." (Doc. 1 at 15, 17) (capitalization removed).

Gabriel seeks a declaratory judgment that Olsen's domestic partnership lawsuit violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and jeopardizes Gabriel by implicating both of them "in potential criminal mortgage fraud, were an Oregon court to somehow find a domestic partnership does exist" under Oregon law. (Doc. 1 at 18). Gabriel's Complaint also includes a request for relief in the form of "preliminary and permanent injunctions enjoining [Olsen], his legal counsel and those in active concert or participation with him from pursuing his marriage or domestic partnership claim, in any jurisdiction." (Doc. 1 at 18). The Complaint does not

request monetary damages. (Doc. 1 at 18).

Olsen's responsive pleading is due this Friday, January 26, 2024 – the same day that the trial in the Oregon domestic partnership lawsuit is apparently set to begin. On January 20, 2024, Gabriel filed the pending motion for a preliminary injunction. (Doc. 25). Gabriel asks the Court to issue a preliminary injunction prohibiting Olsen from advancing his claims in the Oregon domestic partnership dissolution proceedings until this Court has issued a final judgment on the merits in this § 1983 case. (Doc. 25 at 1).

The abstention doctrine recognized in *Younger* provides a narrow exception to the "virtually unflagging" obligation of federal courts to exercise jurisdiction where it exists. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). "*Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings." *Arevalo*, 882 at 765. A federal court may raise the *Younger* abstention doctrine sua sponte. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

*Younger* abstention applies when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo*, 882 F.3d at 765 (citing *ReadyLink*

*Healthcare, Inc. v. State Comp. Ins. Fund,* 754 F.3d 754, 758 (9ᵗʰ Cir. 2014)

(internal quotation marks removed).

All four *Younger* abstention factors are satisfied here. First, as alleged in

Gabriel's complaint, the Oregon state court domestic partnership proceedings are

ongoing. Second, those proceedings implicate important state interests in domestic

and family relations. "Family relations are a traditional area of state concern," and

"a state has a vital interest in protecting the authority of the judicial system, so that

its orders and judgments are not rendered nugatory." *H.C. ex rel. Gordon*, 203 F.3d

at 613 (quotation marks and citations omitted). "This is a particularly appropriate

admonition in the field of domestic relationship, over which federal courts have no

general jurisdiction." *H.C. ex rel. Gordon*, 203 F.3d at 613 (finding that a § 1983

action challenging pending state child custody proceedings implicated important

state interests). Third, there is nothing preventing Gabriel from bringing the

constitutional claims he raises here in the Oregon proceedings. *See Cannon v.*

*Gomez*, 2018 WL 3344372, at *3 (N.C. Cal. July 9, 2018) (citing *Martinez v*

*California*, 444 U.S. 277, 283 n. 7 (1980) for the proposition that a plaintiff may

assert a 42 U.S.C. § 1983 claim in state court). Finally, the Complaint in this case

seeks relief in the form of a preliminary and permanent injunction enjoining Olsen

and his counsel from "pursuing his marriage or domestic partnership claim, in any

jurisdiction." (Doc. 1 at 18). And in his motion for a preliminary injunction,

Gabriel is expressly asking this Court to enjoin Olsen from advancing his claims in the Oregon domestic partnership dissolution proceedings pending a final judgment in this § 1983 case. (Doc. 25 at 1).  As in *H.C. ex rel. Gordon,* Gabriel is seeking a "wholesale federal intervention into an ongoing state domestic dispute," which "is precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon*, 203 F.3d at 613.

Where, as here, *Younger* abstention is "appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction and must dismiss the action." *Cannon*, 2018 WL 3344372, at *2 (citing *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988)). For these reasons,

IT IS RECOMMENDED that Plaintiff's Motion for a Preliminary Injunction with or without Temporary Restraining (Doc. 26) be DENIED and this case be DISMISSED based on *Younger* abstention.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

//

//

//

//

//

the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel on or before January 25, 2024, or objection is waived.[1]

DATED this 23rd day of January, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (the court need not give the parties the full time period set forth in 28 U.S.C. § 636(b)(1) within which to file objections).