IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

RYAN D. GABRIEL,

Plaintiff,

vs.

JESSE MARK OLSEN,

Defendant.

CV 23–142–M–DLC

ORDER

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on January 23, 2024, recommending that the Court deny Gabriel's Motion for a Preliminary Injunction (Docs. 25, 26) and dismiss the matter based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 27 at 5.) The Court adopts Judge DeSoto's Findings and Recommendation in part.

Plaintiff timely filed objections to the Findings and Recommendation. (Doc. 32.) Consequently, Plaintiff is entitled to *de novo* review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Absent objection, this Court reviews findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Defendant Jesse Mark Olsen. (Doc. 1.) Plaintiff and Defendant are currently engaged in domestic partnership dissolution proceedings in the state of Oregon. (*Id.* at 1.) Plaintiff identifies two causes of action: (1) Defendant's "abuse of unregistered domestic partnership caselaw in Oregon violates [Plaintiff's] rights of liberty dignity, privacy, and personal autonomy guaranteed by the Fourteenth Amendment's Due Process Clause," (*id.* at 15); and (2) "any finding by an Oregon court that the parties are in a domestic partnership would potentially implicate the Plaintiff in mortgage fraud along with the Defendant," (*id.* at 17). Plaintiff seeks a judgment declaring that Defendant's domestic partnership lawsuit violates the Due Process clause of the Fourteenth Amendment and "jeopardizes Plaintiff by potentially and needlessly implicating both [parties] in potential criminal mortgage fraud." (*Id.* at 18.) Plaintiff also seeks "a preliminary and permanent injunction enjoining Defendant . . . from pursuing his marriage or domestic partnership claim." (*Id.*)

Trial in the Oregon state court matter is set to begin today, January 26, 2024. Plaintiff's requested relief would prohibit Defendant from advancing his claims in the state court proceedings until this Court has resolved Plaintiff's § 1983 claims.

As such, Judge DeSoto concluded that the abstention doctrine recognized in *Younger* requires the Court to dismiss the § 1983 action. (Doc. 27 at 3–5.) Plaintiff raises two "objections" to Judge DeSoto's findings and recommendation: (1) he attempts to withhold consent to adjudication by a magistrate judge in this matter; and (2) he argues that Judge DeSoto erroneously applied *Younger*'s abstention doctrine. (Doc. 32 at 3.)

First, federal law permits a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" and to issue findings and recommendations on any of those matters that happen to be dispositive. 28 U.S.C. § 636(b)(1); *see also* D. Mont. L.R. CV 72.1 (Dec. 1, 2023) ("Each United States magistrate judge appointed by this court is authorized and designated by the Article III judges of the court to exercise all powers and perform all duties described by 28 U.S.C. § 636 and by federal rules and other federal law and may perform any additional duty that is not inconsistent with the Constitution or laws of the United States or with these rules."). A district judge's referral to a magistrate judge under § 636(b)(1) does not require the parties' consent. *Cf.* 28 U.S.C. § 636(c)(1) (permitting parties to consent to allowing a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and to order the entry of judgment in the case"). Rather, the "nonconsensual referral[] of pretrial but case-dispositive matters under § 636(b)(1)" leaves the district judge "free to do

as it sees fit with the magistrate judge's recommendations[.]" *Roell v. Withrow*, 538 U.S. 580, 585 (2003). Put simply, the undersigned has the authority to refer the case to Judge DeSoto, as was done in this matter, without Plaintiff's consent to do so. Judge DeSoto is authorized to issue findings and recommendations as to case dispositive matters and Plaintiff's "objection" to the referral of this case is therefore meritless.

Next, Plaintiff's second objection raises a general challenge to Judge DeSoto's application of *Younger* in lieu of ruling on Plaintiff's Motion for Preliminary Injunction. (*See* Doc. 32 at 3.) Due to the broad nature of Plaintiff's objection, the Court will review the application of *Younger de novo*.

*Younger* stands for the proposition that federal courts should avoid interfering with ongoing state criminal, civil, and administrative proceedings. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) ("*Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings.") *Younger* abstention in civil cases "is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018). Where these factors are met, *Younger* provides an exception to this Court's typical obligation to

exercise jurisdiction where it exists. *Arevalo*, 882 F.3d at 765. The Court may raise the abstention doctrine *sua sponte*. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

Applying the above factors, the Court finds that *Younger* abstention does not apply. The first, third, and fourth factors are all met in this case. The Oregon state court dissolution proceedings are ongoing. Oregon has a strong interest in matters of family relations—a "traditional area of state concern," over which the state "has a vital interest in protecting the authority of the judicial system." *H.C. ex rel. Gordon*, 203 F.3d at 613. And Plaintiff could raise the same challenges to the domestic partnership proceedings in the course of the state court matter. *See Martinez v. California*, 444 U.S. 277, 283 n.7 (1980) (42 U.S.C. § 1983 action brought in state court); *Cook*, 879 F.3d at 1038 (same).

Regarding the second factor, the Ninth Circuit has made clear that "*Younger* abstention is improper in civil cases outside of . . . two limited categories"—quasi-criminal enforcement actions or actions involving a state's interest in enforcing the orders and judgments of its courts—"regardless of the subject matter or the importance of the state interest." *Id.* at 1039. The Ninth Circuit has further explained that "federal courts cannot ignore [these] strict limitations on *Younger* abstention simply because states have an undeniable interest in family law." *Id.* at 1040.

The Oregon state court action is not quasi-criminal;[1] however, the question of whether the case implicates Oregon's interest in enforcing the orders and judgments of its courts is a closer question. "The Supreme Court and [Ninth Circuit] have held that this [second category] is geared to ensuring that federal courts do not interfere in the procedures by which states administer their judicial system and ensure compliance with their judgments." *Rynearson v. Ferguson*, 903 F.3d 920, 926 (9th Cir. 2018). The Ninth Circuit has repeatedly cautioned against applying *Younger* abstention except in "extraordinary and narrow" circumstances. *See, e.g.*, *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017).

For example, in *Cook*, the Ninth Circuit reversed the district court's application of *Younger* abstention in the context of constitutional challenges to Cal. Fam. Code § 7962 raised simultaneously in both state and federal court proceedings. 879 F.3d at 1038. The court reasoned that "an argument regarding the state courts' power to apply its laws in subsequent proceedings and the state's interest in its interrelated family laws . . . do[] not relate to the state courts' ability to enforce compliance with judgments *already made*." *Id.* at 1041 (emphasis

[1] The Oregon action is a civil action for dissolution of a domestic partnership and has none of the indicia of a "quasi-criminal" action—e.g., initiated to sanction a defendant for some wrongful conduct; involve a state actor as a party to the proceeding; involve investigations culminating in the filing of a formal complaint or charges. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79–80 (2013).

added). Here, the Oregon action does not relate to the state courts' ability to enforce compliance with judgements already made and Plaintiff does not challenge "the *processes* by which the State compels *compliance*" with the judgments of its courts. *Cook*, 879 F.3d at 1041 (emphasis added); *see also Sloatman v. Housewright*, No. 2:21-cv-08235-WLH (MAA), 2023 WL 8852375, at *6 (C.D. Cal. Nov. 17, 2023) (concluding that a "divorce action does not fall into one of the two "exceptional categories" of civil cases warranting *Younger* abstention").

Accordingly, the Court concludes that *Younger*'s abstention doctrine does not apply in this matter and, therefore, declines to adopt that portion Judge DeSoto's Findings and Recommendation. Nonetheless, the Court finds that Plaintiff's complaint must be dismissed for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

A federal court may dismiss a claim *sua sponte*, and without notice, for failure to state a claim under Rule 12(b)(6), particularly if it is clear that the claimant cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." (internal citation omitted)); *see also LaForge v. Gets Down*, No. CV 17-48-BLG-BMM-TJC, 2019 WL 4044093, at *2 (D. Mont. May 28, 2019), *report and recommendation adopted,* No. CV-17-48-BLG-BMM, 2019 WL

2762896 (D. Mont. July 2, 2019) (*sua sponte* dismissing § 1983 claim for failure to state a claim where defendant was not a state actor).

Section 1983 creates a civil cause of action against "a person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "By the plain terms of § 1983, a cause of action will lie where a plaintiff proves that: (1) a person acting under color of State law; (2) subjects or causes to be subjected to deprivation; (3) a U.S. citizen or person in the jurisdiction of the United States; (4) of a right, privilege, or immunity secured by the Constitution and laws." *Chaudhry v. Aragón*, 68 F.4th 1161, 1169 (9th Cir. 2023).

Plaintiff's claim fails at the first element. Defendant is a private individual and is not acting under the color of any state or federal law merely by virtue of bringing a domestic partnership dissolution action. *See LaForge*, 2019 WL 4044093, at *2 ("In the present case, [defendant], a private party, was not, by mere virtue of being a party to a divorce proceeding in tribal court, acting under color of state or federal law."). Accordingly, the Court finds that Plaintiff cannot state a viable claim for the violation of any due process right against Defendant stemming from the Oregon state court action. The Court further finds that amendment of the

complaint would be futile. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987) ("A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment.").

Therefore, the Court adopts Judge DeSoto's recommendation to dismiss this matter; however, the Court reaches this determination on different grounds.

Accordingly, IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendation (Doc. 27) are ADOPTED IN PART;
2. Plaintiff's Motion for a Preliminary Injunction (Docs. 25, 26) is DENIED AS MOOT.
3. This matter is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).
4. The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 26th day of January, 2024.

Dana L. Christensen, District Judge
United States District Court